

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

EVAN BRUSTEIN
Senior Counsel
Phone: (212) 356-2651
Fax: (212) 356-3509
ebrustei@law.nyc.gov

January 20, 2016

**BY ECF**
Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   **Tiffany Smalls v. City of New York, et. al.**, 15 CV 9864 (AJN)(JLC)

Dear Judge Nathan:

I am a Senior Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, representing defendant City of New York in the above-referenced matter. For the reasons set forth below, I write to respectfully request a stay of the present civil proceeding in its entirety pending the final disposition of plaintiff's criminal case. This is defendant's first request for a stay of this litigation. I have conferred with plaintiff's counsel, Mark A. Marino, Esq., and he consents to this request. If the stay is granted, the defendant further respectfully requests that its response to the complaint be extended to 60 days after receipt from the plaintiff of a copy of the certificate of disposition for the underlying criminal matter.

According to the civil docket sheet, the individual identified in the caption of the complaint as "Sergeant Jose Ramos" has been served with process. Upon information and belief this sergeant has not requested legal representation from the Office of the Corporation Counsel. This Office has not discussed with this sergeant whether he has been served, and in the event he was served, we make no representation herein as to the adequacy of service upon him. Additionally, a decision concerning this Office's representation of this sergeant has not yet been made, and accordingly, this request for a stay is not made on his behalf. However, given the time involved in determining the representation of a sergeant, and in the interest of judicial economy, we would hope that the court may, *sua sponte*, similarly stay and extend the time to respond the case on behalf of Sergeant Ramos as well.

**Background**

Plaintiff brings this action, *inter alia*, for excessive force, false arrest and other claims. According to the New York State Office of Court Administration Webcrims database, plaintiff was charged with Obstructing Governmental Administration, Resisting Arrest, Attempted Assault in the Third Degree, Unlawful Possession of Marijuana, Disorderly Conduct and Harassment. Plaintiff's case is next on February 19, 2016 in Part AP2. A copy of the Webcrims database printout is annexed hereto for the Court's convenience.

**Legal Discussion**

It is well settled that a stay of a federal civil rights action pending the outcome of parallel state court criminal proceedings is appropriate for reasons of judicial economy and the resolution of parallel issues. See generally Wallace v. Kato, 127 S. Ct. 1091, 1098 (2007) ("[I]t is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended."): See also, e.g., Deakins v. Monaghan, 484 U.S. 193, 202 (1988) (Where in a 42 U.S.C. § 1983 ("§ 1983") action, the Court approved of a rule requiring a district court to stay, rather than dismiss, a federal civil action in favor of parallel state proceeding); Mack v. Varelas, 835 F.2d 995, 999-1000 (2d Cir. 1987) (Where, in ordering a stay of a § 1983 action pending the resolution of parallel state criminal proceedings, the Circuit concluded that "postponement of [federal] adjudication is prudentially warranted because one possible outcome of the state court proceedings could negate an essential element of [plaintiff's] claim"); Giulini v. Blessing, 654 F.2d 189, 193 (2d Cir. 1981).

Moreover, "the non-criminal proceeding, if not deferred, might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b) [or governing state law], expose the basis of the defense to the prosecution in advance of the criminal trial, or otherwise prejudice the case." United States v. Certain Real Property, 751 F. Supp. 1060, 1062 (E.D.N.Y. 1989) (quoting Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985)). See also Johnson v. N.Y. City Police Dep't., No. 01 Civ. 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, at *5 (S.D.N.Y. July 16, 2003) ("the civil action, if not stayed, might undermine the criminal defendant's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case.")

In deciding whether to grant the stay, the Court should consider (1) the private interest of the plaintiff in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiff if delayed, (2) the private interests of, and burden on, the defendants, (3) the convenience of the courts, (4) the interests of persons not parties to the civil litigation, and (5) the public interest. Twenty-First Century Corp. v. LaBianca, 801 F. Supp. 1007, 1010 (E.D.N.Y. 1992). Here, it should be noted that plaintiff has consented to defendant's request for a stay. As one court in this Circuit has opined, "[a] stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter." Johnson v. N.Y. City Police Dep't., No. 01 Civ. 6570, 2003 U.S. Dist. LEXIS 12111, at *4 (S.D.N.Y. July 16, 2003) (quoting Brock v. Tolkow, 109 F.R.D. 116, 119 (E.D.N.Y. 1985)).

Plaintiff is bringing a claim for false arrest. Plaintiff's charges for Resisting Arrest, Obstruction of Governmental Administration and Attempted Assault in the Third Degree, which she is currently challenging, would wholly contradict those allegations if plaintiff is convicted. Thus, the outcome of the criminal matter would affect the party's ability to either maintain or refute plaintiff's claim of false arrest. Mack v. Varelas, 835 F.2d 995, 999 (2d Cir. 1987) (stay warranted where one possible outcome of the criminal proceedings could negate an essential element of plaintiff's § 1983 claim); Johnson, 2003 U.S. Dist. Lexis 12111, at *4 (stay granted where civil and criminal actions arose out of the same events and "a conviction in the criminal action would bar [plaintiff's] false arrest and malicious prosecution claims."). See also, Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that a § 1983 action for false arrest or malicious prosecution is barred if plaintiff was convicted and the conviction was not invalidated).

Defendant also submits that a stay of this case would be in the interest of the Court and the public, as the final adjudication of the conviction in the criminal case on appeal could have a preclusive effect on some of the claims of the complaint, thereby narrowing the issues before the Court in the civil suit. See Diggs v. N.Y. Police Dep't, 04 Civ. 1849 (CBA)(LB), 2005 U.S. Dist. LEXIS 38244, at *6-*7 (E.D.N.Y. Dec. 22, 2005) (quoting Allen v. McCurry, 449 U.S. 90, 102 (1980)) (collateral estoppel "applies when § 1983 plaintiffs attempt to relitigate in federal court issues decided against them in state criminal proceedings."); Houston v. N.Y. State Troopers, 96 Civ. 1987 (DAB), 1997 U.S. Dist. LEXIS 15999, at *5-*6 (S.D.N.Y. Oct. 10, 1997) ("it is well-established that a defendant who pleads guilty waives any challenge to the constitutionality of his arrest, interrogation, search and prosecution."). Hence, the resolution of plaintiff's criminal case carries with it the possibility of significantly simplifying the present action.

This office further seeks a stay of this civil suit as a matter of judicial economy. First, if plaintiff prevails in her criminal matter the nature of the claims she brings may change, which may further impact the scope of discovery. Second, the parties will be hampered in exploring any possible resolution due to the conviction; plaintiff would insist the conviction is invalid, and defendants would point to the conviction as evidence of the reasonableness of the officer's conduct. Finally, the conviction may impact possible dispositive motions, both for a motion to dismiss and a motion for summary judgment, for if plaintiff's injuries are limited, the convictions may warrant a dismissal of plaintiff's claims.

While the entry of a stay is, of course, a matter for the Court's discretion, defendant respectfully submits that on balance, the factors outlined above warrant such action in this case.

Defendants thank the Court for its time and consideration.

Respectfully submitted,
/s/
Evan Brustein
Senior Counsel

CC:   Mark A. Marino, Esq. (BY ECF)

# New York State Unified Court System

## WebCriminal

## Case Details - Summary

**CASE INFORMATION**

Court: **Bronx Criminal Court**
Case #: **2014BX050531**
Defendant: **Smalls, Tiffany**

### Defendant

Name: **Smalls, Tiffany**
Birth Year:
NYSID:

### Incident and Arrest

**Incident**
Date: **September 20, 2014**
CJTN: **66814837Z**

**Arrest**
Date & Time: **September 20, 2014 03:45**
Arrest #: **B14666899**

**Officer**
No Officer Information on File

### Attorney Information

**Defense Attorney**
Name:
Type: **Legal Aid**
Court Date: **September 20, 2014**
Court Part: **APAR3**
Address: **1020 Grand Concourse, Bronx, NY 10451**
Phone: **718-579-3000**

**Assistant District Attorney**
Name:
Assigned: **September 20, 2014**

### Next Appearance

Date: **February 19, 2016**
Court: **Bronx Criminal Court**
Part: **AP2**

### Docket Sentence

**No Sentence Information on File**

# New York State Unified Court System

## WebCriminal

## Case Details - Charges

**CASE INFORMATION**

| | |
|---|---|
| Court: | **Bronx Criminal Court** |
| Case #: | **2014BX050531** |
| Defendant: | **Smalls, Tiffany** |

| Charge | Detail | Disposition/Sentence |
|---|---|---|
| PL 221.05 00 | **Violation, 1 count, Arrest charge, Arraignment charge**<br>Description: *Unlaw Poss Marihuana*<br>Weapon/Drug: *Marihuana* | |
| PL 195.05 00<br>**TOP CHARGE** | **A Misdemeanor, 1 count, Arrest charge, Arraignment charge**<br>Description: *Obstrct Gvrnmntl Admn 2nd* | |
| PL 240.20 06 | **Violation, 1 count, Arrest charge, Arraignment charge**<br>Description: *Dis/con:refusing To Move* | |
| PL 240.26 01 | **Violation, 1 count, Not an arrest charge, Arraignment charge**<br>Description: *Harassment 2nd- Phy Contact* | |
| PL 110-120.00 01 | **B Misdemeanor, 1 count, Not an arrest charge, Arraignment charge**<br>Description: *Attempted Aslt W/int Causes Phys Injury* | |
| PL 205.30 00 | **A Misdemeanor, 1 count, Arrest charge, Arraignment charge**<br>Description: *Resisting Arrest* | |

# New York State Unified Court System

## WebCriminal

## Case Details - Appearances

**CASE INFORMATION**

| | |
|---|---|
| Court: | **Bronx Criminal Court** |
| Case #: | **2014BX050531** |
| Defendant: | **Smalls, Tiffany** |

| Date / Part | Judge | Calendar Section | Arraignment Hearing Type | Court Reporter | Outcome / Release Status |
|---|---|---|---|---|---|
| 02/19/2016 AP2 | | PENDING | No Type | | |
| 01/05/2016 AP2 | Rosado, M | PENDING | No Type | Mcmahon, N | Case Continued (adjourned) RoR Continued |
| 10/29/2015 AP2 | Rosado, M | PENDING | No Type | Nunez, | Case Continued (adjourned) RoR Continued |
| 09/03/2015 AP2 | Busching, L | PENDING | No Type | Arena, | Case Continued (adjourned) RoR Continued |
| 07/29/2015 AP2 | Rosado, M | PENDING | No Type | Bertorelli, | Case Continued (adjourned) RoR Continued |
| 07/02/2015 AP2 | Hornstein, S | PENDING | No Type | Oneill, | Case Continued (adjourned) RoR Continued |
| 05/22/2015 AP2 | Rosado, M | PENDING | No Type | Didomenico, | Case Continued (adjourned) RoR Continued |
| 04/24/2015 AP2 | Rivera, B | PENDING | No Type | Assam, L | Case Continued (adjourned) RoR Continued |
| 03/18/2015 AP2 | Adler, H | PENDING | No Type | Webb, | Case Continued (adjourned) RoR Continued |
| 02/18/2015 AP2 | Rosado, M | PENDING | No Type | Delvecchio, | Case Continued (adjourned) RoR Continued |
| 01/15/2015 AP2 | Sharpe, C | PENDING | No Type | Esposito, V | Case Continued (adjourned) RoR Continued |
| 12/04/2014 AP2 | Busching, L | PENDING | No Type | Liesner, | Case Continued (adjourned) RoR Continued |
| 10/29/2014 AP2 | Rosado, M | PENDING | No Type | Assam, L | Case Continued (adjourned) RoR Continued |
| 09/20/2014 APAR3 | Rodriguez-morick, J | PENDING | Pre-Arraignment Deposition Given | Carlas Mier, X | Case Continued (adjourned) Released on Recognizance |