UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIFFANY SMALLS, | Civ. Action No.: 15-CV-9864 (AJN) |
| Plaintiff, | |
| – against – | **AMENDED COMPLAINT** |
| CITY OF NEW YORK, SGT. JOSE RAMOS, JOHN DOES 1-2, and JANE DOE, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Tiffany Smalls, by her attorney, Mark A. Marino, PC, for her Amended Complaint against Defendants City of New York, Sgt. Jose Ramos, John Does 1-2, and Jane Doe, alleges, upon personal knowledge and upon information and belief:

## NATURE OF THE ACTION

1. On September 20, 2014, Plaintiff Tiffany Smalls was arrested and detained by NYPD police officers in this district without probable cause, consent, or other privilege. During the arrest, at least one member of the NYPD used excessive force against Plaintiff, causing physical injuries, including damage to her back, neck, and nerve damage to her right arm/wrist/hand/fingers, deep lesions in her wrists and back, and other cuts and bruises. The actions of the police officers also caused Plaintiff to sustain psychological injuries, past and future medical expenses, and lost wages (among other things).

2. Plaintiff brings claims against the individually named defendants for various violations of her civil rights under federal law, as well as claims against all defendants pursuant to New York state law.

1

## PARTIES

3. Plaintiff Tiffany Smalls ("Plaintiff") is, and was at the time of the incidents giving rise to this action, a resident of New York County, State of New York.

4. Defendant City of New York is, and was at the time of the incidents giving rise to this action, a municipal corporation duly organized under, and existing by virtue of, the laws of the State of New York.

5. Upon information and belief, Defendant Sgt. Jose Ramos ("Ramos") was, at the time of the incidents giving rise to this action, employed by the New York City Police Department (the "NYPD") – and thus Defendant City of New York – as a police officer stationed at the NYPD's 44th Precinct (with shield number 5331) and/or working out of Police Service Area 5 (PSA5), which is located at 221 East 123rd Street, New York, NY 10029. Upon further information and belief, Defendant Ramos was assigned shield number 12164.

6. Upon information and belief, Defendant Ramos was Plaintiff's arresting officer.

7. At all relevant times, including, but not limited to, the time of the incidents giving rise to this action, Defendant Ramos was acting within the scope of employment.

8. At all relevant times, including, but not limited to, the time of the incidents giving rise to this action, Defendant Ramos was acting under color of state law.

9. Upon information and belief, Defendant John Does 1-2 (collectively, "John Does") were, at the time of the incidents giving rise to this action, employed by the NYPD – and thus Defendant City of New York – as police officers (or other members of the service) stationed at the NYPD's 44th Precinct.

10. Upon information and belief, one of Defendant John Does is a tall, bald African-American male with the last name "Harris" or "Williams" (specifically, "John Doe #1").

11. Upon information and belief, one of Defendant John Does is a Hispanic male with the last name "Ramirez" (specifically, "John Doe #2").

12. At all relevant times, including, but not limited to, the time of the incidents giving rise to this action, Defendant John Does were acting within the scope of employment.

13. At all relevant times, including, but not limited to, the time of the incidents giving rise to this action, Defendant John Does were acting under color of state law.

14. Plaintiff believes the identities of Defendant John Does will become apparent during discovery.

15. Upon information and belief, Defendant Jane Doe was, at the time of the incidents giving rise to this action, employed by the NYPD – and thus Defendant City of New York – as a police officer (or other member of the service) stationed at the NYPD's 44th Precinct.

16. Upon information and belief, Defendant Jane Doe is a Hispanic female (with a medium build) whose name is "Caridav."

17. At all relevant times, including, but not limited to, the time of the incidents giving rise to this action, Defendant Jane Doe was acting within the scope of employment.

18. At all relevant times, including, but not limited to, the time of the incidents giving rise to this action, Defendant Jane Doe was acting under color of state law.

19. Plaintiff believes the identity of Defendant Jane Doe will become apparent during discovery.

20. Defendants Ramos, John Does, and Jane Doe are referred to herein, collectively, as the "Individual Defendants."

21. Defendants City of New York, Ramos, John Does, and Jane Doe are referred to herein, collectively, as "Defendants."

## JURISDICTION AND VENUE

22. This Court has original jurisdiction over the instant action, pursuant to 28 U.S.C. §§ 1331 and 1343, as this is a civil action asserting claims under the federal civil rights laws.

23. This Court has supplemental jurisdiction over the claims asserted under New York state law, pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's claims under the federal civil rights laws that they form part of the same case or controversy.

24. Venue is proper, pursuant to 28 U.S.C. § 1391, as the events and transactions giving rise to Plaintiff's claims occurred within this district.

## PROCEDURAL REQUIREMENTS

25. Plaintiff has complied with General Municipal Law Section 50 and all procedural requirements necessary to commence a lawsuit against Defendants, including Defendant City of New York.

26. On or about December 19, 2014, within ninety days after the accrual of the instant action, a satisfactory Notice of Claim was filed with Defendant City of New York, or its agent(s), on behalf of Plaintiff.

27. On April 3, 2018, Plaintiff testified at a hearing pursuant to General Municipal Law Section 50.

28. Defendant City of New York (and/or its agent(s)) has refused or neglected to make any adjustment or payment on Plaintiff's claims (as stated in Plaintiff's Notice of Claim).

29. Plaintiff commenced this action within one year and ninety days of the date of accrual of the instant action.

**FACTUAL ALLEGATIONS**

30. On September 20, 2014, Plaintiff and her friends were celebrating her birthday at a bar located at 145 East 149th Street (between Walton Avenue and Grand Concourse in Bronx County).

31. At approximately 3:30 a.m. on September 20, 2014, thirty minutes before the bar was set to close, Plaintiff and her sister were standing outside the bar along with a few other patrons, most unknown to Plaintiff. Plaintiff's friends were still inside the bar.

32. At that approximate time and place, Defendant John Doe #1, with no cause to do so, told Plaintiff and her sister to leave.

33. Plaintiff explained to Defendant John Doe #1 that she was waiting for her friends, who were inside the bar.

34. Defendant John Doe #1 made clear that he did not care and ordered Plaintiff and her sister to move – specifically, he told Plaintiff he "didn't give a fuck."

35. Plaintiff and her sister walked away from the bar, along 149th Street towards Grand Concourse.

36. As Plaintiff and her sister were still walking, Defendant John Doe #1 and Defendant Jane Doe confronted them as they neared the restaurant located on the corner of 149th Street and Grand Concourse. Plaintiff and her sister were still walking, and there were no more than three other people in that area, if anyone.

37. Plaintiff and her sister were detained, and Plaintiff was later handcuffed and arrested without probable cause, consent, or other privilege by Defendant John Doe #1 and Defendant Jane Doe.

38. The Individual Defendants dragged Plaintiff to a police vehicle, where Defendant John Doe #1 used excessive force to get her into the vehicle (including, but not limited to, kicking Plaintiff in the back while tugging on her handcuffs and pulling her hair).

39. Defendant Ramos, Defendant John Doe #2, and Defendant Jane Doe were standing nearby and did not attempt to intervene on behalf of Plaintiff (although they had the time and the opportunity to do so).

40. Plaintiff told the Individual Defendants that the handcuffs were too tight three times, but no one loosened them or even checked them.

41. No police officer searched Plaintiff's belongings at this time. One or more of the Individual Defendants searched Plaintiff's belongings for the first time later at the precinct.

42. Defendant Ramos and his team arrested other individuals that night, including some for videotaping portions of Plaintiff's arrest.

43. According to NYPD paperwork, including, but not limited to, the criminal complaints submitted by the district attorney, Defendant Ramos was the arresting officer for Ms. Smalls and every other individual arrested that night at that approximate time and location.

44. According to NYPD paperwork, including, but not limited to, the criminal complaints submitted by the district attorney, Defendant John Doe #1 was not the arresting officer for Ms. Smalls or any other individual arrested that night at that approximate time and location.

45. One or more NYPD police officers told Plaintiff that she had broken an officer's ribs during the arrest, which is false.

46. NYPD police officers arrested multiple individuals around the same date and time (approximately 3:30-4:30 a.m. on September 20, 2014) at the same general location (on or

around 149th Street between Walton Avenue and Grand Concourse in the Bronx). NYPD police officers arrested at least one individual for videotaping the incident.

47. This action falls within one or more of the exemptions set forth in CPLR § 1602.

48. Plaintiff demands a trial by jury.

## FIRST CLAIM FOR RELIEF
### VIOLATION OF 42 U.S.C. 1983 – USE OF EXCESSIVE FORCE
### As Against the Individual Defendants

49. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 48, inclusive, as though fully set forth herein.

50. Under the Constitution of the United States of America and 42 U.S.C. 1983, Plaintiff has the right to be free from brutal conduct and the application of undue or excessive force by those acting under color of state law.

51. Defendant John Doe #1 violated Plaintiff's constitutional rights when he used excessive force during Plaintiff's arrest, including kicking her in the back and bending her wrist while pulling her hair and throwing her into the back of a police car (among other things).

52. Defendant John Doe #1 violated Plaintiff's constitutional rights when he used excessive force at the police station (pulling Plaintiff's arms up by the handcuffs).

53. The Individual Defendants violated Plaintiff's constitutional rights when they refused to loosen or even check Plaintiff's handcuffs after she complained numerous times.

54. The actions taken by the Individual Defendants caused injuries to Plaintiff, including physical injuries, psychological injuries, and past and future medical expenses.

55. The Individual Defendants took the aforementioned actions during the course, and within the scope, of employment with the NYPD and Defendant City of New York.

7

56. The Individual Defendants were acting under color of state law at all times during the incidents giving rise to this action.

57. The actions taken by the Individual Defendants against Plaintiff were willful, wanton, reckless, and/or malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
### VIOLATION OF 42 U.S.C. 1983 – FALSE ARREST
### As Against the Individual Defendants

58. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 57, inclusive, as though fully set forth herein.

59. Under the Constitution of the United States of America and 42 U.S.C. 1983, Plaintiff has the right to be free from unreasonable and illegal searches and seizures, including false arrest and false imprisonment.

60. On September 20, 2014, the Individual Defendants violated Plaintiff's rights when they intentionally confined Plaintiff, who was conscious at the time, without consent, justification, privilege, warrant, or probable cause.

61. The Individual Defendants' actions caused injuries to Plaintiff, including physical injuries, emotional injuries, loss of freedom, and past and future medical expenses, among other things.

62. The Individual Defendants took the aforementioned (in)actions against Plaintiff during the course, and within the scope, of employment by the NYPD and Defendant City of New York.

63. The Individual Defendants took the aforementioned (in)actions against Plaintiff while acting under color of state law.

64. The aforementioned (in)actions taken by the Individual Defendants against Plaintiff were willful, wanton, reckless, and/or malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF 42 U.S.C. 1983 – FAILURE TO INTERVENE
### As Against the Individual Defendants

65. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 64, inclusive, as though fully set forth herein.

66. Under the Constitution of the United States of America and 42 U.S.C. 1983, police officers have an affirmative duty to protect the constitutional rights of citizens by intervening when other police officers commit constitutional violations in their presence.

67. On September 20, 2014, certain of the Individual Defendants violated Plaintiff's constitutional rights when, in their presence, Plaintiff was falsely arrested by her arresting officer, yet did not intervene to protect Plaintiff.

68. On September 20, 2014, certain of the Individual Defendants violated Plaintiff's constitutional rights when, in their presence, Defendant John Doe #1 used excessive force against Plaintiff, yet did not intervene to protect Plaintiff.

69. On September 20, 2014, Defendant Ramos violated Plaintiff's constitutional rights when he, the supervisor, approved Plaintiff's false arrest based on the eyewitness account of another officer, knowing there was no probable cause for the arrest.

70. The (in)actions taken by these Individual Defendants caused injuries to Plaintiff, including physical injuries, psychological injuries, emotional injuries, loss of freedom, and past and future medical expenses, among other things.

71. The Individual Defendants took these (in)actions against Plaintiff during the course, and within the scope, of employment with the NYPD and Defendant City of New York.

72. The Individual Defendants were acting under color of state law at all times during the incidents giving rise to this action.

73. The actions taken by the Individual Defendants against Plaintiff were willful, wanton, reckless, and/or malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
### FALSE ARREST/FALSE IMPRISONMENT (UNDER NYS LAW)
**As Against Defendants**

74. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 73, inclusive, as though fully set forth herein.

75. Defendant John Doe #1 and Defendant Jane Doe intentionally handcuffed and confined Plaintiff, who was conscious of her confinement, without probable cause, consent, or other justification or privilege.

76. The arresting officer – upon information and belief, Defendant Ramos – intentionally arrested and confined Plaintiff, who was conscious of her confinement, without probable cause, consent, or other justification or privilege.

77. The actions of Defendant Ramos, Defendant John Doe #1, and/or Defendant Jane Doe and the supervising officer – upon information and belief, Defendant Ramos – caused injuries to Plaintiff, including loss of freedom and psychological injury, among other things.

78. Plaintiff was wrongfully held in police custody for over twenty hours.

79. Defendant Ramos, Defendant John Doe #1, and/or Defendant Jane Doe and the supervising officer – upon information and belief, Defendant Ramos – took the aforementioned

actions against Plaintiff during the course, and within the scope, of employment with the NYPD and Defendant City of New York.

80. Defendant City of New York is liable for the acts of its agents/employees, including Defendant Ramos, Defendant John Doe #1, and Defendant Jane Doe, taken against Plaintiff during the course, and within the scope, of employment by Defendant City of New York under *respondeat superior*.

## FIFTH CLAIM FOR RELIEF
### ASSAULT (UNDER NYS LAW)
#### As Against Defendants

81. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 80, inclusive, as though fully set forth herein.

82. On September 20, 2014, the Individual Defendants intentionally placed Plaintiff in apprehension of imminent harmful, offensive, and/or unwanted contact, without consent, justification, or privilege.

83. The actions of the Individual Defendants caused injuries to Plaintiff, including psychological injury, among other things.

84. The Individual Defendants took the aforementioned actions against Plaintiff during the course, and within the scope, of employment by the NYPD and the City of New York.

85. The aforementioned actions taken by the Individual Defendants against Plaintiff were willful, wanton, reckless, and/or malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

86. Defendant City of New York is liable for the acts of its agents/employees, including the Individual Defendants, taken against Plaintiff during the course, and within the scope, of employment by Defendant City of New York under *respondeat superior*.

### SIXTH CLAIM FOR RELIEF
### BATTERY (UNDER NYS LAW)
#### As Against Defendants

87. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 86, inclusive, as though fully set forth herein.

88. On September 20, 2014, the Individual Defendants intentionally initiated harmful, offensive, and unwanted physical contact with Plaintiff without consent, justification, or privilege, including kicking her in the back and bending her wrist while pulling her hair and throwing her into the back of a police car, among other things.

89. The actions of the Individual Defendants caused injuries to Plaintiff, including physical injuries, emotional injuries, and past and future medical expenses, among other things.

90. The Individual Defendants took the aforementioned actions against Plaintiff during the course, and within the scope, of employment by the NYPD and the City of New York.

91. The aforementioned actions taken by the Individual Defendants against Plaintiff were willful, wanton, reckless, and/or malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

92. Defendant City of New York is liable for the acts of its employees, including the Individual Defendants, taken against Plaintiff during the course, and within the scope, of employment by Defendant City of New York under the doctrine of *respondeat superior*.

**WHEREFORE**, Plaintiff Tiffany Smalls respectfully requests that this Court enter Judgment against Defendants as follows:

a. compensatory and punitive damages as against Defendants, jointly and severally, in a combined amount to be determined at trial, but not less than five hundred thousand dollars ($500,000.00);

b. attorney's fees incurred during this action, pursuant to 42 U.S.C. 1988(b), the determination of which lies within the sound discretion of this Court;

c. costs incurred during this action, pursuant to 42 U.S.C. 1988(b), the determination of which lies within the sound discretion of this Court;

d. expert fees incurred during this action, pursuant to 42 U.S.C. 1988(c), the determination of which lies within the sound discretion of this Court;

e. all statutory interest on any sums awarded to Plaintiff; and

f. such other and further relief as the Court deems proper and fair.

Dated: New York, New York
April 13, 2018

Respectfully yours,

MARK A. MARINO, PC

___s/ Mark A. Marino_____
Mark A. Marino (MM 0676)
*Attorney for Plaintiff Tiffany Smalls*
380 Lexington Avenue, 17th Floor
New York, New York 10168
Tel:  212.748.9552
Fax:  646.219.5350